UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LISA WHITLEY,                                    Civil Action No.:

          Plaintiff,

-against-

WOODCREST AT MUTTONTOWN LTD.,
THE MANSION AT WOODSIDE ACRES, INC.,
and DEBORAH AKESON,

          Defendants.
-----------------------------------------------------------------X

## COMPLAINT

Plaintiff, Lisa Whitley ("Plaintiff"), as and for her Complaint against Defendants, Woodcrest At Muttontown LTD., The Mansion at Woodside Acres, Inc., and Deborah Akeson, ("Defendants"), respectfully alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Articles 6 and 19, and the New York Codes, Rules, and Regulations 142-2.2 (hereinafter the "New York Labor Articles") to recover unpaid overtime compensation and for other relief.

2. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

1

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff was employed by Defendants as a housekeeper and locker room attendant from on or about March 29, 2011 to on or about January 2016.

6. Upon information and belief, Defendant, Woodcrest at Muttontown LTD. ("Woodcrest"), is a domestic corporation duly formed and existing under and by virtue of the laws of the State of New York.

7. Upon information and belief, Defendant, The Mansion at Woodside Acres, Inc. ("The Mansion"), is a domestic corporation duly formed and existing under and by virtue of the laws of the State of New York.

8. Defendant, Deborah Akeson ("Akeson"), is a resident of the State of New York.

9. Upon information and belief, Woodcrest operates a country club located at 225 Muttontown Eastwoods Road, Syosset, New York.

10. Upon information and belief, The Mansion operates a country club located at 225 Muttontown Eastwoods Road, Syosset, New York.

11. At all relevant times, Akeson was and still is a corporate officer of Woodcrest. Upon information and belief, at all times relevant, Akeson exercised operational control over Woodcrest, controlled significant business functions of Woodcrest, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Woodcrest, in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Akeson has been an employer under the FLSA and the New York Wage and Hour Law.

2

## FACTS

12. From on or about March 29, 2011 to on or about January 2016, Plaintiff worked as a housekeeper and locker room attendant at defendants' country club.

13. During her employment, plaintiff was paid by the hour.

14. During her employment, plaintiff worked 6 days a week.

15. During her employment, plaintiff's off day was usually Sunday.

16. During this time, plaintiff began her shift at 7:00 a.m. each day.

17. During this time, plaintiff's shift ended at 3:00 p.m. or later each day.

18. During this time, plaintiff was unable to and did not take any uninterrupted meal breaks of more than 15 minutes.

19. During this time, plaintiff worked at least 48 hours each week.

20. Oftentimes, plaintiff worked in excess of 48 hours a week when there were golf outings, weddings, and parties.

21. Plaintiff punched in each day when her shift began.

22. Plaintiff punched out each day when her shift ended.

23. Upon information and belief, defendants have accurate records of the actual hours that plaintiff worked each day and each week of her employment.

24. During her employment, defendants only paid plaintiff straight time for all the hours that she worked.

25. During her employment, Defendants would pay plaintiff for 40 hours through their payroll company and then write a separate check or give cash to plaintiff for all hours plaintiff worked in excess of 40.

26. Defendants never paid plaintiff time and a half her regular rate of pay when she worked more than 40 hours each week.

27. Defendants never paid plaintiff overtime compensation when she worked more than 40 hours each week.

28. At no time did defendants give plaintiff a notice of acknowledgement of pay rate as required under the New York Labor Law.

29. At no time did defendants give plaintiff weekly pay stubs that properly set forth her hourly rate, overtime rate, and the number of hours that she worked each week.

30. During her employment, Defendants did not give plaintiff any wage notices.

31. Akeson hired Plaintiff.

32. Akeson supervised Plaintiff.

33. Akeson determined Plaintiff's schedule each week.

34. Akeson determined Plaintiff's rate of pay.

35. Akeson determined Plaintiff's daily job duties.

36. Akeson participated in running the daily operations of Woodcrest during Plaintiff's employment.

37. Plaintiff was not exempt from the overtime provisions of the FLSA or the NYLL.

38. During her employment, Defendants managed Plaintiff's employment, including the amount of overtime she worked.

39. Defendants devised, dictated, implemented, controlled, and supervised the wage and hour practices and policies relating to Plaintiff.

40. Defendants were aware of Plaintiff's work hours, but failed to pay her the full amount of wages to which she was entitled to for this work time under the law.

41. Defendants' failures to pay proper wages in a timely manner have been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

## COUNT I
## FLSA Overtime Claim

42. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

43. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

44. The corporate Defendants were and are subject to the overtime pay requirements of the FLSA because said Defendants are an enterprise engaged in commerce or in the production of goods for commerce.

45. Upon information and belief, the gross annual volume of sales made or business done by Woodcrest for the years 2016, 2015, and 2014 was not less than $500,000.00 each year.

46. Upon information and belief, the gross annual volume of sales made or business done by The Mansion for the years 2016, 2015, and 2014 was not less than $500,000.00 each year.

47. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq.*

48. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

49. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

50. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

51. However, none of the Section 13 exemptions apply to Plaintiff because she has not met the requirements for coverage under the exemptions.

52. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

53. Defendants have not acted in good faith with respect to the conduct alleged herein.

54. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## NYLL Overtime Claim

55. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

56. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

57. Under New York law, an employee must be paid overtime, equal to one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR § 142-2.2.

58. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Articles.

59. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty hours a week for Defendants.

60. Plaintiff is not exempt from the overtime provisions of the New York Labor Articles, because he has not met the requirements for any of the reduced number of exemptions available under New York law.

61. Defendants have acted willfully and have either known that their conduct violated the New York Labor Articles or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Articles. Defendants have not acted in good faith with respect to the conduct alleged herein.

62. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

## COUNT III
### NYLL Section 195(1) – Failure to Provide Wage Notices

63. Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including the dates of his hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as her primary language, which were to contain, among other things, Plaintiff's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or

7

principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiff's regular hourly rates of pay and overtime rates of pay.

64. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Articles.

65. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT IV
### NYLL Section 195(3) – Failure to Provide Wage Statements

66. Defendants willfully failed to provide Plaintiff written wage statements with her wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

67. Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Articles.

68. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through her attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants, jointly and severally and in favor of Plaintiff, for a

sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

    A.    Declare and find that the Defendants committed one or more of the following acts:

        1.    Violated provisions of the FLSA by failing to pay overtime wages to Plaintiff;

        2.    Willfully violated overtime provisions of the FLSA;

        3.    Violated the provisions of the NYLL by failing to pay overtime wages to Plaintiff;

        4.    Willfully violated the applicable provisions of the NYLL.

    B.    Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

    C.    Award interest on all NYLL overtime compensation and other compensation due accruing from the date such amounts were due;

    D.    Award all costs, attorney's fees incurred in prosecuting this action, liquidated damages under the FLSA and the NYLL, and statutory penalties under the NYLL; and

    E.    Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
       February 17, 2017

 

_____
Neil H. Greenberg, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
Fax: 516.228.5106
nhglaw@nhglaw.com

# FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in <u>Whitley, Lisa v. Woodcrest at Muttontown Ltd., et al</u> in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Massapequa, New York
November 04, 2016

*Lisa Whitley*
Lisa Whitley